# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

MAURICE FERGUSON      PETITIONER

V.      NO. 4:05CV32-P-B

RONALD KING, ET AL.      RESPONDENTS

## REPORT AND RECOMMENDATION

This *pro se* habeas corpus petition was filed pursuant to 28 U.S.C. § 2254. Petitioner was tried and convicted in the Circuit Court of Washington County of one count of armed robbery and one count of possession of a firearm by a convicted felon. He was sentenced in Count I, armed robbery, to serve a term of life imprisonment, and in Count II, possession of a firearm by a convicted felon, to serve a term of life imprisonment without the benefit of parole, with both sentences to be served in the custody of the Mississippi Department of Corrections. Further, the circuit court ordered the sentence in Count II to run consecutively to the sentence in Count I.

Petitioner appealed his judgment of conviction and sentence, assigning as error the following (as stated by petitioner):

     A.      The trial court committed reversible error when it denied the Appellant's Motion to Suppress on the photo line-up shown to the victim.

     B.      The trial court committed reversible error by failing to issue a limiting instruction, *sua sponte*, regarding defendant's prior felony conviction as proof under Count II of the indictment, Possession of a Firearm by a Convicted Felon.

     C.      The trial court committed reversible error when it denied the Appellant's Motion for a directed verdict and the verdict of the jury was against the overwhelming weight of the evidence.

On December 3, 2002, the Mississippi Court of Appeals affirmed petitioner's judgment of conviction and sentence in an unpublished written opinion, *Ferguson v. State*, (Cause No. 2001-KA-00120-COA), *reh'g. denied*, May 6, 2003, *cert. denied*, November 13, 2003.

On October 29, 2004, petitioner filed an "Application For Leave To Proceed In The Trial Court" and "Motion For Post-Conviction Relief" in the Mississippi Supreme Court, assigning as error the following (as stated by petitioner):

> A. Ineffective assistance of counsel under Brady-Violation: Mississippi Uniform Circuit Court Criminal Rule 9.04 formly [*sic*] Rule 4.06 reversible error/ Sixth Amendment Violation:
>
> B. It was ineffective assistance of counsel, and reversible error by failing to ask the court for a limited jury instruction sus-sponte [*sic*] defendants prior felony convictions as proof under Count II. of the indictment, Possession of a Firearm by a Convicted Felon.
>
> C. Ineffective assistance of counsel/Mississippi Uniform Circuit Court Criminal Rule #9 formly [ *sic*] Rule 6.04/discovery violation reversible error.
>
> D. Ineffective assistance of counsel/the prosecution failure to discloser [*sic*] of its evidence clearly violated my due process rights when case depended on the credibility of witness-where witness lied under oath[.]
>
> E. Ineffective assistance of trial counsel for failure to object to the false jury instructions.

On December 1, 2004, the Supreme Court denied Ferguson's post-conviction motion, stating, in pertinent part, as follows:

> After due consideration, the panel finds that Ferguson fails to demonstrate that the performance of defense counsel was deficient or that counsel's acts or failure to act prejudiced Ferguson's defense. Therefore, this application should be denied.

In the instant Petition for Writ of Habeas Corpus, Ferguson raises the following grounds (as stated by petitioner):

> **Ground One** - The trial counsel was ineffective for failing to file a timely motion to suppress the photo-line-up shown to the victim.
>
> **Ground Two** - The trial court committed reversible error when it denied the petitioner's motion to suppress the photo-line-up shown to the victim.
>
> **Ground Three** - Prosecution withheld disclosures of mug shot photo line-up after disclosing the other evidence to the defense that was exculpretory [*sic*] and meterial [*sic*] to the defense.
>
> **Ground Four** - The trial court committed reversible error by failing to issue a limited instruction sus ponte [*sic*], regarding petitioner prior felonly [*sic*] convictions as proof under Count Two of the indictment, Possession of a Firearm by a Convicted Felon.
>
> **Ground Five** - The trial court committed reversible error when it denied the petitioner's motion for a directed verdict and the verdict was against the overwhelming weight of the evidence.
>
> **Ground Six** - The totality of the evidence was insufficient to support the jury's verdict of guilty of armed robbery and possession of a firearm by a convicted felon.

To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984) by demonstrating both constitutionally deficient performance by counsel and actual prejudice as a result of such ineffective assistance. *See also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of his claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986)(overruled on other grounds).

A review of the record indicates that defense counsel filed a motion to suppress the photo line-up on January 5, 2001, the Friday before the commencement of trial on Monday. The record also reveals that the trial court considered the merits of the motion and found that the motion was not well taken. While the prosecution raised the issue of timeliness of the motion during the motion

3

hearing, the trial court clearly did not overrule the motion on the basis that the motion was not timely filed. As such, Ferguson's claim that the motion was not timely filed, even if true, was of no consequence to his case.

Accordingly, the state supreme court's finding that trial counsel was not ineffective under the *Strickland* test was neither contrary to nor an unreasonable application of clearly established federal law.[1] As such, the claim in Ground One is without merit.

In Ground Two, petitioner argues that the trial court erred in failing to suppress the photo line-up on the basis that the line-up was impermissibly suggestive. Ferguson claims that after being informed that the investigation had focused on a particular suspect, the victim Shawna Tillis, was asked to view a photographic line-up to identify her assailant. Ferguson maintains that the photographs contained a date at the bottom indicating the date the photo was taken. Ferguson argues that because the date at the bottom of his picture was the date that Tillis viewed the line-up and the dates on all of the other photos ranged from three to nine years previous, the date on his photo conspicuously singled him out and tainted the identification.

The controlling law in determining the reliability of a witness' identification of a defendant as the assailant is found in *Neil v. Biggers*, 409 U.S. 188, 199 (1972). In *Biggers,* the central question was "whether under the totality of the circumstances the identification was reliable even though the confrontation procedure was suggestive." *Id*. at 199-200. To determine reliability, the *Biggers'* Court sought to evaluate the likelihood of misidentification by considering five factors: (1) the

---

[1] "It bears repeating that the test for federal habeas purposes is *not* whether [the petitioner] made the showing required under *Strickland*]. Instead, the test is whether the state court's decision– that [the petitioner] did not make the *Strickland*-showing– was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his [ineffective assistance of counsel] claim." *Busby v. Dretke*, 359 F.3d 708, 717 (5th Cir. 2004).

4

opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. *Id*. In applying the *Biggers*' factors to the instant case, the appellate court found as follows:

> An application of the *Biggers* factors to this case establishes: (1) Tillis had ample opportunity to observe Ferguson. She talked with him for approximately five minutes shortly before the robbery. She also talked with him again when he returned a few moments later to rob the business; (2) While Ferguson was present, there was nothing to distract Tillis' attention from him; (3) Tillis phoned a description of the robber to the police department immediately after the robbery. That description was accurate except as to Ferguson's height and age; (4) The record in no way indicates that Tillis expressed any uncertainty about her identification of Ferguson; (5) The time between the robbery was short. The robbery occurred on Monday, October 18, 1999. Tillis saw Ferguson again on Saturday, October 23, 1999. Tillis identified Ferguson in a photo line-up on October 27, 1999.
>
> The application of the *Biggers* factors caused the trial court, and this Court, to conclude that there was sufficient indicia of reliability to allow the identification. While Tillis' description was inaccurate as to Ferguson's height and age, these inconsistencies go to the issue of credibility rather than reliability. Questions of credibility are resolved by the jury. *Noe v. State*, 616 So. 2d 298, 303 (Miss. 1993).
>
> Where there is substantial credible evidence which supports the jury verdict, we are obligated to affirm. *Sanders v. State*, 730 So. 2d 1154 (¶ 8)(Miss. Ct. App. 1999). Ferguson has failed to establish that the jury's verdict was not supported by substantial credible evidence.
>
> Upon review of the record, we find that there was credible evidence to support the trial court's decision.

The appellate court's application of the *Biggers'* factors to the facts of the case was neither unreasonable nor contrary to clearly established federal law and the conclusion reached by the appellate court is supported by the record. As noted by the appellate court, the testimony at trial established that Tillis had ample opportunity to view the petitioner prior to the crime and at the time of the crime. *See* S.C.R. at 97-99. The testimony indicated that Tillis initially believed that Ferguson was just another customer and spent approximately five minutes in a face to face conversation with petitioner regarding opening an account with the business. Nothing in the record

5

suggests that Tillis was not attentive to petitioner prior to or during the robbery. For the most part, Tillis' description of Ferguson was accurate with the exception that she missed his actual height by approximately two inches and incorrectly guessed his age. Sergeant Jeffrey Wilson testified that when he presented the photo line-up to Tillis, she identified Ferguson as the assailant very quickly.

Further, Tillis testified that she was certain that Ferguson was the person who robbed her. Finally, the time period between the crime and the confrontation was relatively short in that the robbery took place on October 18, 1999, and Tillis identified Ferguson in the photo line-up on October 27, 1999. Also, Tillis saw Ferguson on the street and recognized him as the robber on October 23, 1999.

The appellate court's application of the *Biggers'* factors to the facts of the case was neither unreasonable nor contrary to clearly established federal law. Accordingly, habeas relief in Ground Two is not merited.

The error as claimed in Ground Three was not raised in either petitioner's direct appeal or in his post-conviction motion. By failing to raise the facts of Ground Three on appeal or pursuant to a motion for post-conviction relief, Ferguson waived having the Mississippi appellate courts review the issue on the merits. Accordingly, Ferguson has thus defaulted Ground Three, and this Court is now precluded from reviewing the claim.

A claim which has not been presented to the state's highest court in a procedurally proper manner and which is now procedurally barred due to petitioner's own procedural default cannot be considered by a federal court in a habeas petition. *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995)(when state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims.); *see also Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)(federal review of a claim is barred in all cases in which a state prisoner has

defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule); *see also Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998)(an inmate's failure to present claims to the proper state court creates a procedural default for purposes of federal habeas review). In *Sones*, the Fifth Circuit stated:

> When, however, state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. As the Supreme Court stated in *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)
>
>> "[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, . . . [then] there is a procedural default for purposes of federal habeas . . ." *Id*. at 735 n.1, 111 S.Ct. at 2557 n.1."

*Sones v. Hargett*, 61 F.3d at 416. When "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." *Sones, supra*, quoting *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993). By failing to raise the issue in Ground Three in petitioner's direct appeal or in his post-conviction motion, Ferguson has failed to proceed in a procedurally proper manner.[2] "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

Further, petitioner cannot show "cause" under the "cause and prejudice" test necessary to allow this Court to reach the merits of the claims despite the procedural bar because no external

---

[2] While Ferguson asserted allegations of a *Brady* violation in his motion for post-conviction relief, none of these allegations, even under the most liberal construction, state the same claim that petitioner now raises in Ground Three.

7

impediment existed to prevent him from raising and discussing the claim properly as a ground for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). Therefore, absent a showing of "cause," it is unnecessary for this Court to consider whether there is actual prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996). Furthermore, there will be no "fundamental miscarriage of justice" if Ferguson's claim is not heard on the merits. The "fundamental miscarriage of justice" exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted). Ferguson has not met this standard, and clearly the facts of the instant case fall far short of establishing that a fundamental miscarriage of justice will result if Ferguson's claim in Ground Three is not considered on the merits. Accordingly, Ground Three provides no basis for relief.

Ground Four is an issue of state law and as such, is not subject to habeas review. The law on handling questions of state law is clear. A state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved. *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. 1981). The role of a federal court is more limited than that of the state appellate court. *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir. 1983). In *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981), the Court stated: "We have repeatedly admonished that we do not sit as a super state supreme court on a habeas corpus proceeding to review error under state law." The federal courts hold no supervisory power over state judicial proceedings, and federal

habeas corpus relief is appropriate only when a conviction has been obtained in violation of some constitutionally protected right. *Smith v. Phillips,* 455 U.S. 209, 221 (1981). A "mere error of state law" is not a denial of due process. *Engle v. Isaac,* 465 U.S. 107, 121 and n.21, 102 S.Ct. 1558 and n.21, 71 L.Ed.2d 783 (1982).

In Ground Four, Ferguson contends that the trial court erred by permitting the prosecution to put on proof of three prior felony convictions to prove that petitioner was a convicted felon when proof of one conviction would have sufficed and/or failing to issue a limiting instruction, *sua sponte*, regarding petitioner's prior felony convictions being used as proof in the possession of a firearm by a convicted felon charge. On direct appeal, the appellate court addressed the claim in Ground Four as follows:

> The State introduced Ferguson's three prior felony convictions of armed robbery to prove that he was previously convicted of at least two prior felonies, and that he was a convicted felon, which was an element of one of the offenses charged. At trial, no instruction was requested by Ferguson nor was an objection made to the admission into evidence of these prior felony convictions. The failure to object to the introduction of this evidence must be evaluated in light of the totality of the circumstances– including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other related factors. *Henton v. State*, 752 So. 2d 406 (¶ 8)(Miss. 1999).
>
> However, when evidence is introduced that the defendant has a prior conviction for the same offense for which he is being tried, both counsel and the court have a duty to minimize the risk that the jury would infer guilt on the charges from the fact of previous convictions on similar charges *through a request for and giving of* a curative instruction. *U.S. v. Diaz*, 585 F.2d 116, 118 (5th Cir. 1978). The supreme court has noted that "the better practice is that a limiting instruction be granted by the trial judge *sua sponte* when proper request is not made by defense counsel." *Peterson v. State*, 518 So. 2d 632, 638 (Miss. 1987). While giving a limiting instruction *sua sponte* may be the "better practice" when a request by defense counsel has not been made, failure to give a limiting instruction *sua sponte* is not always reversible error. *Williams v. State*, 819 So. 2d 532 (¶¶ 24-28)(Miss. Ct. App. 2001).
>
> Miss. Code Ann. Section 97-37-5 (Rev. 2000) [footnote omitted] does not limit the number of prior felony convictions to be proven. While we are troubled by the number of prior felony convictions used to establish the element of the offense charged, we find that since the evidence was admitted to prove an element of the offense charged, a *sua sponte* instruction is not necessary unless the "totality" of the

9

circumstances call for it regarding the admission of past criminal acts in evidence to prove an element of the crime. *Nettles* [*v. State*], 380 So. 2d [246] at 247 [(Miss. 1980)]. This totality is based on all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors. *Id*.

In the trial court's instructions to the jury, the trial judge indicated that the jury should not "single out" one instruction alone, but consider the instructions as a whole. The trial judge instructed the jury on its duty to determine the facts "from the evidence produced in open court." The trial judge then instructed the jury on using common sense and sound honest judgment in considering and weighing the testimony of each witness who testified in the case, and that the arguments made by attorneys were intended to help in understanding the evidence and applying the law.

The state appellate court, although recognizing the Fifth Circuit's stance in *U.S. v. Diaz*, 585 F.2d 116, 118 (5th Cir. 1978)[3] as well as noting its own state supreme court's previous holding that the issuance of limiting instructions in similar circumstances to be the better practice,[4] acted well within the confines of existing state law in finding that a limiting instruction was not required in the instant case. *See Nettles v. State*, 380 So. 2d 246, 247 (Miss. 1980).

More importantly, however, is the fact that a state court's finding can be neither unreasonable nor contrary to clearly established federal law as determined by the United States Supreme Court when there exists no precedent regarding the issue. *See Lockyer v. Andrade*, 538 U.S. 63, 71-73 (2003)(habeas court must decide if there is clear precedent of the United States Supreme Court as "clearly established" phrase "refers to the holdings, as opposed to the dicta, of the Court's decisions as of the time of the relevant state-court decision."); *see also Mitchell v. Esparza*, 540 U.S. 12, 17 (2003)("A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from this Court is, at best, ambiguous."). Accordingly, habeas relief is not warranted in Ground Four.

---

[3]In *Diaz*, the Fifth Circuit indicated that there exists a duty on the part of its own courts to minimize the harm possibly caused by the introduction of prior convictions that were similar to the charge for which the defendant was being tried. *Id*.

[4]*See Peterson v. State*, 518 So. 2d 632, 638 (Miss. 1987).

The claims in Ground Five and Ground Six were reviewed by the Mississippi Court of Appeals and denied on the merits. As a result, under the Antiterrorism and Effective Death Penalty Act of 1996, and because these issues were decided on the merits, habeas relief cannot be granted with respect to these claims. 28 U.S.C. § 2254(d) and § 2254(e)(1). 28 U.S.C. § 2254(d) provides:

> (D) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The first exception, subsection (d)(1) applies to questions of law or to mixed questions of fact and law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). The claims in Grounds Five and Six are mixed questions of law and fact. Therefore, subsection (1) of § 2254(d) governs the claims and dictates that a federal court cannot grant habeas relief to the petitioner unless it determines that the state court's decision involved an unreasonable application of the law to the facts. The "unreasonable application" standard of review of a state court decision does not mean that a federal court may grant habeas relief based on its simple disagreement with the state court decision; this would amount to nothing more than *de novo* review. *See Williams v. Cain*, 125 F.3d 269, 276-77 (5th Cir. 1997). Unless there is such an unreasonable application, there exists a presumption that state court factual findings are correct. *Knox v. Johnson*, 224 F.3d 470 (5th Cir. 2000).

In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the United States Supreme Court concluded that §2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims

adjudicated on the merits in state court." *Id*. at 1523.  A state court's decision is contrary to federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Id*. at 1523.  A state court's decision involves an unreasonable application of federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies the principle to facts of the prisoner's case; this application of law to facts must be objectively unreasonable.  *Id*. at 1521.  Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."   *Id*.   *See also Ramdass v. Angelone,* 530 U.S. 156, 120 S.Ct. 2113 (2000); *Chambers v. Johnson*, 218 F.3d 360 (5th Cir. 2000); *Hill v. Johnson*, 210 F.3d 481 (5th Cir. 2000).

Nevertheless, under § 2254(d)(2), grounds may still merit review if those facts to which the appellate courts applied the law were determined unreasonably in light of the evidence presented. Because the state appellate courts are presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C.  § 2254(e)(1).

In Grounds Five and Six, Ferguson challenges both the sufficiency and the weight of the evidence.  Insufficiency of the evidence can support a claim for habeas relief only if the evidence, when viewed in the light most favorable to the State is such that no reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001); *Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000).  This standard of review "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983).  The *Jackson* standard allows the trier of fact to find the evidence sufficient

12

to support a conviction, even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992).

On direct appeal, the Mississippi Court of Appeals addressed the issue of sufficiency and weight as follows:

> In reviewing the evidence presented to the jury, we find that the State presented evidence in accordance with Section 97-3-79 of Miss. Code Ann. 1972, as amended, which revealed that Ferguson intentionally exhibited a deadly weapon which placed Tillis in fear of injury, and that Ferguson took funds from the store. Having reviewed this evidence, we find that the trial court did not err in its denial of the motion for directed verdict nor do we find that the verdict was against the overwhelming weight of the evidence.

The determination of the sufficiency of the evidence by a state appellate court is entitled to great deference. *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir.), *cert. denied* 474 U.S. 855 (1985); *Gibson v. Collins*, 947 F.2d 780 (5th Cir. 1991); *see also Callins v. Collins*, 998 F.2d 269 (5th Cir. 1993) ("where state appellate court has conducted a thorough review of the evidence . . . it's determination is entitled to great deference."). Ferguson has presented nothing in his habeas petition to overcome the deference afforded to the state appellate court's decision; furthermore, he has failed to prove that the state court decision was an unreasonable application of law to the facts. *See Williams v. Taylor, supra*. As to Ferguson's challenge to the weight of the evidence, weight of the evidence is not an issue within the purview of a federal habeas court. *See Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985)("A federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence . . ."). As such, Ferguson is not entitled to relief based on his challenge to the weight of the evidence in Grounds Five and Six.

Accordingly, it is recommended that the petition be denied and the cause dismissed with prejudice.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within 10 days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within 10 days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3rd 1415 (5th. Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten 10 days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of his lawsuit under Rule 41(b), Federal Rules of Civil Procedure, for failure to prosecute and for failure to comply with an order of the court.

Respectfully submitted, this the 16th day of May, 2006.

                                                /s/ Eugene M. Bogen
                                        UNITED STATES MAGISTRATE JUDGE